IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

HEALY CONSTRUCTION SERVICES, INC.,
KATHY HEALY and JAMES HEALY

                    Plaintiffs,                    Case No. 08-cv-02045

             v.                                The Honorable Wayne R. Andersen

BRYAN CAVE LLP,

                    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND (3)**

Defendant Bryan Cave LLP ("Bryan Cave") respectfully moves this court to pursuant to Rules 12(b)(1) and (3) of the Federal Rules of Civil Procedure to dismiss with prejudice the Complaint filed by Plaintiffs Healy Construction Services, Inc., Kathy Healy, and James Healy ("Plaintiffs") due to the absence of subject matter jurisdiction and in light of Plaintiffs' agreement with Bryan Cave to arbitrate in New York, New York the disputes set forth in the Complaint. In support of its motion, Bryan Cave submits the following memorandum of law.

## I.    INTRODUCTION

As a threshold matter, this Court lacks subject matter jurisdiction because complete diversity is absent.[1] Bryan Cave is a partnership with partners who are Illinois citizens. Plaintiffs are all Illinois citizens for diversity purposes. The Complaint should be dismissed under Rule 12(b)(1).

Moreover, when Plaintiffs retained Bryan Cave in 2002 to provide legal advice regarding the federal tax consequences of prior investment transactions in which Plaintiffs engaged,

---

[1] Bryan Cave expressly reserves its rights to raise any defenses to the Complaint in motions filed at an appropriate time and in an appropriate forum.

Plaintiffs agreed that any disputes concerning the services performed by Bryan Cave would be subject to mandatory arbitration. But now, in direct contravention of their prior agreement, Plaintiffs have filed this lawsuit against Bryan Cave asserting the very claims that they previously agreed to submit to binding arbitration. Each of these claims—legal malpractice and unjust enrichment—is governed by the mandatory arbitration provision to which Plaintiffs agreed. Further, Plaintiffs agreed that the arbitration was to take place in New York, New York. Therefore, setting aside this Court's lack of subject matter jurisdiction, Plaintiffs have not only improperly filed a lawsuit instead of bringing an arbitration action, but they have also filed their lawsuit in the wrong forum. Accordingly, the Complaint should be dismissed with prejudice under Rule 12(b)(3).

## II.     BACKGROUND

In April 2002, Plaintiffs retained Bryan Cave, a partnership with partners who are citizens of Illinois, to provide an opinion letter regarding the federal tax consequences of an investment transaction involving market linked deposits ("MLD Investment") in which Plaintiffs entered into on or about December 1, 2001. (Compl. ¶ 8; Affidavit of Douglas E. Whitney ("Whitney Aff.") Exs. 1 and 2). Plaintiff Kathy Healy signed the engagement letter. (Whitney Aff. Ex. 2). This engagement letter expressly incorporated and attached Bryan Cave's "Statement of Engagement Terms and Billing Practices." (*See* Whitney Aff. Ex. 1). Directly above Plaintiff's signature, in bold and capital letters, the engagement letter expressly stated:

> **THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.**
>
> THESE TERMS INCLUDING THE ATTACHED **STATEMENT OF ENGAGEMENT TERMS AND BILLING PRACTICES** ARE APPROVED.

(*See* Whitney Aff., Ex. 2 at 2) (emphasis in original).

The attached Statement of Engagement Terms and Billing Practices in turn provided:

> <u>Arbitration of Dispute</u>.  Should any dispute arise concerning the services provided to you by us or the statements forwarded to you, as well as any alleged claims for legal malpractice, breach of fiduciary duty, breach of contract or other claim against the Firm for any alleged inadequacy of such services, the dispute will be settled by arbitration.  The arbitration shall be held in the City of New York by a panel of three arbitrators, all of whom must be practicing attorneys in that city, with one arbitrator to be selected by each party and the third to be chosen by the two arbitrators selected by the parties.  The arbitrators may establish such rules for the conduct of the arbitration as they may choose, except that there shall be no discovery and any proceedings conducted shall be private and confidential and shall not be disclosed to the public either by the arbitrators or the parties to the arbitration.  The award of the arbitrators must be by a majority vote and shall be final and binding, not subject to challenge by either party in any court of law.  Each party shall bear its own costs of the arbitration and shall pay one-half of the costs of the proceeding.

(*See* Whitney Aff., Ex. 1, at 4).

Directly below the bolded and capitalized reference to this arbitration provision, Plaintiff Kathy Healy signed the engagement letter and accepted its terms, including the agreement to submit any dispute concerning the services provided by Bryan Cave to arbitration in New York. (*See* Whitney Aff., Ex. 2 at 2).

Plaintiffs now allege in their Complaint that the legal services Bryan Cave provided in May 2002 were inadequate – the precise subject of the arbitration provision contained in the Engagement Agreements.  For example, Plaintiffs allege that Bryan Cave committed legal malpractice by "rending an opinion with erroneous legal advice" on which Plaintiffs allegedly relied and then incurred damages. (Compl. ¶¶ 17-19).  Plaintiffs further claim that Bryan Cave was unjustly enriched when it was paid by Plaintiffs for legal advice and opinions that were allegedly erroneous and resulted in additional liabilities to Plaintiffs. (*Id*. at ¶ 25).  These claims unquestionably concern services provided by Bryan Cave to Plaintiffs and specifically raise

alleged claims of legal malpractice and breach of fiduciary duty. As such, the claims can only be brought in an arbitration context in New York, not a lawsuit in this District.

### III. ARGUMENT

Plaintiffs' lawsuit must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Bryan Cave is a partnership with a Chicago office and numerous partners who are Illinois citizens. Diversity is accordingly absent because Plaintiffs are either citizens of Illinois or incorporated under Illinois law. Further, the lawsuit must be dismissed under Rule 12(b)(3) for improper venue. The binding arbitration agreement between Plaintiffs and Bryan Cave requires that the disputes Plaintiffs raise in this lawsuit be brought in arbitration exclusively in New York.

#### A. Standards of Review

Rule 12(b)(1) allows for dismissal when a court lacks subject matter jurisdiction over a claim for relief. *Thomas v. Sheahan*, 370 F. Supp. 2d 704, 708 (N.D. Ill. 2005). On a 12(b)(1) motion, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). Thus, when a party moves for dismissal under Rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations. *Vill. of Riverdale v. 138th St. Joint Venture*, 527 F. Supp. 2d 760, 763 (N.D. Ill. 2007).

Rule 12(b)(3) authorizes a court to dismiss a case for improper venue. When parties to a contract agree to arbitrate matters and disputes arising from that contract, dismissal pursuant to Rule 12(b)(3) is appropriate. See *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006) ("A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3)."); see also *Hotel Emples. & Rest. Emples. Int'l Union Welfare Fund v. Conn. Gen. Life Ins. Co.*,

Case No. 07-c-712, 2007 U.S. Dist. LEXIS 24262 (N.D. Ill. Mar. 27, 2007).  Under Rule 12(b)(3), a court is "not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment." *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

Further, as the arbitration agreement between the parties is before the Court, issues of arbitrability must be addressed "with a healthy regard for the federal policy favoring arbitration," and "with any doubts concerning the scope of arbitrable issues . . . . resolved in favor of arbitration." *Cont'l Cas. Co*, 417 F.3d at 730-31, *following Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983); *see also IBEW, Local 21 v. Ill. Bell Tel. Co.*, 491 F.3d 685, 687-688 (7th Cir. Ill. 2007) ("When resolving arbitrability disputes, a court must bear in mind the liberal federal policy in favor of arbitration agreements.").

### B.   The Case Must be Dismissed Because Diversity is Absent and This Court Lacks Subject Matter Jurisdiction.

Subject matter jurisdiction is absent because Bryan Cave has partners who are Illinois citizens, thus destroying the complete diversity that Plaintiffs claim exists.  Plaintiffs allege that subject matter is proper based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  (Compl. ¶ 6).  Plaintiffs James and Kathy Healy are Illinois residents, and Healy Construction Services is an Illinois corporation with its principal place of business in Illinois.  (*Id.* at ¶¶ 2-4).  Plaintiffs allege that Bryan Cave is an LLP organized under Missouri law and with its principal place of business in Missouri.  (*Id.* at ¶ 5).

Because Bryan Cave is a partnership, however, the relevant citizenship under § 1332 is that of each of its partners, and not the place of business of the partnership.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (U.S. 2004); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)  ("The citizenship of a partnership is the citizenship of the partners,

even if they are limited partners, so that if even one of the partners (general or limited) is a citizen of the same state as the plaintiff, the suit cannot be maintained as a diversity suit."). A partnership's principal place of business is "a total irrelevancy for diversity purposes." *Hausman v. Fochler*, No. 97-c-1395, 1997 U.S. Dist. LEXIS 2697, *2 (N.D. Ill. Mar. 4, 1997). Thus, for the purposes of the jurisdictional challenge, the Court should look beyond the erroneous allegations in the Complaint that treat Bryan Cave, a partnership, like a corporation.

Bryan Cave maintains an office in Chicago and has numerous partners who are citizens of Illinois. Accordingly, Bryan Cave is a citizen of Illinois for purposes of diversity jurisdiction, and, based on the Illinois citizenship of all Plaintiffs, there is no basis for diversity jurisdiction. *See Galuska v. Goldman, Sachs & Co.*, No. 92-c-8091, 1993 U.S. Dist. LEXIS 8583, *3-4 (N.D. Ill. June 23, 1993) (Andersen, J.) (dismissing case in part because no diversity existed between plaintiff, an Illinois citizen, and defendant, a partnership with partners who were Illinois citizens).

    **C.**    **The Case Must be Dismissed Because the Arbitration Agreement Requires That Plaintiffs' Disputes be Arbitrated in New York.**

The language of an arbitration clause determines whether parties have agreed to submit a particular dispute to arbitration. *IBEW, Local 21*, 491 F.3d at 688. In this case, there can be no question that Plaintiffs agreed to arbitrate all disputes concerning Bryan Cave's provision of legal advice concerning the federal income tax consequences of the MLD Investment.

Plaintiffs specifically refer to their retention of Bryan Cave in April 2002 for the provision of a legal opinion letter. (Compl. ¶¶ 9-10). As noted above, in capitalized, boldface letters, the April 2002 engagement letter specifically referenced the binding arbitration provision and statement of engagement terms attached to engagement letter. The arbitration provisions expressly and broadly encompass "any dispute . . . concerning the services provided" by the

Bryan Cave Defendants to Plaintiffs, including "alleged claims for legal malpractice [and] breach of fiduciary duty." (*See* Whitney Aff., Ex. 1 at 4). Plaintiffs' claims against the Bryan Cave Defendants fall squarely under the terms of the agreement to arbitrate.

Plaintiffs' legal malpractice and unjust enrichment claims undeniably concern the services the Bryan Cave Defendants provided to Plaintiffs pursuant to the engagement agreement and attached arbitration provisions. The resolution of each of the claims depends on the reasonableness of the services the Bryan Cave Defendants provided. Plaintiffs allege that Bryan Cave provided erroneous legal advice that caused them damages. (Compl. ¶¶ 17-19, 24-26). Therefore, consistent with the binding terms of the arbitration agreements and reinforced by the national policy favoring arbitration, Plaintiffs' disputes concerning Bryan Cave's services must be arbitrated.

Further, because the arbitration agreement requires that arbitration occur in New York City, this case must be dismissed under Rule 12(b)(3). The Seventh Circuit has followed the majority rule and held that motions to dismiss based on arbitration clauses are properly raised under Rule 12(b)(3). *See Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007).

In *Continental Casualty* the Court held that dismissal under Rule 12(b)(3) made "eminent sense" because the arbitration agreements at issue required arbitration in other districts. *Cont'l Cas.*, 417 F.3d at 733. Likewise, it makes eminent sense for this Court to dismiss Plaintiffs' Complaint because the arbitration agreement specifically requires that arbitration take place in New York City. (*See* Whitney Aff., Ex. 1 at 4 ("The arbitration ***shall*** be heard in the City of New York …")) (emphasis added). Indeed, because the FAA forbids a district court from compelling arbitration outside the confines of its district, dismissal is required. *Cont'l Cas.*, 417

F.3d at 735; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) ("where the arbitration agreement contains a forum selection clause, only the district court in that forum can issue a § 4 order compelling arbitration.").[2]

## IV. CONCLUSION

Plaintiffs' Complaint should be dismissed because this Court lacks subject matter jurisdiction and for the alternative reason that Plaintiffs' claims against Bryan Cave are subject to the mandatory arbitration provisions that Plaintiffs agreed to and because, pursuant to those provisions, arbitration must take place in New York, New York.

WHEREFORE, for the foregoing reasons, Bryan Cave respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

June 16, 2008　　　　　　　　　　　　By: /s/ Joshua G. Herman

Thomas C. Borders, P.C.
Douglas E. Whitney
Joshua G. Herman
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL  60606
(312) 372-2000
(312) 984-7700 (fax)

*Attorneys for Bryan Cave LLP*

---

[2] Even if the arbitration provision did not provide for arbitration exclusively in New York City, a stay of this lawsuit would be proper under 9 U.S.C. § 3.  *See Cont'l Cas.*, 417 F.3d at 732 n.7.

- 9 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney and counsel for Bryan Cave LLP, hereby certifies that on June 16, 2008, a copy of the foregoing was filed electronically on the CM/ECF system, with electronic copies being automatically sent through said system to registered CM/ECF users, and sent via U.S. Mail, postage prepaid to:

David S. Argentar
Kendall E. Woods
CHUHAK & TECSON, P.C.
30 South Wacker Drive, Suite 2600
Chicago, Illinois  60606-7413
(312) 444-9300
DArgentar@chuhak.com
KWoods@chuhak.com

By:   /s/ Joshua G. Herman
         Joshua G. Herman

CHI99 4991322-2.019773.0037

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| HEALY CONSTRUCTION SERVICES, INC., KATHY HEALY and JAMES HEALY<br>　　　　　　　　　Plaintiffs,<br>　　v.<br>BRYAN CAVE LLP,<br>　　　　　　　　　Defendant. | Case No. 08-cv-02045<br>The Honorable Wayne R. Andersen |

## AFFIDAVIT OF DOUGLAS E. WHITNEY

I, Douglas E. Whitney, declare as follows:

1.　　I am an attorney duly admitted to practice in this Court. I am a partner in the law firm McDermott Will & Emery LLP, counsel for Defendant Bryan Cave LLP ("Bryan Cave").

2.　　Attached as Exhibit 1 is a true and correct copy of the letter of engagement for Bryan Cave's services and the Statement of Engagement Terms and Billing Practices sent by Bryan Cave to Plaintiff Kathy Healy and dated April 10, 2002.

3.　　Attached as Exhibit 2 is a true and correct copy of the letter of engagement of Bryan Cave's services signed by Plaintiff Kathy Healy with a corresponding date of April 12, 2002.

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　Executed on June 16, 2008.

　　　　　　　　　　　　　　　　　　　　／s/ Douglas E. Whitney
　　　　　　　　　　　　　　　　　　　　Douglas E. Whitney

CHI99 4993991-1.019773.0037

# EXHIBIT 1

# BRYAN CAVE LLP

ST. LOUIS, MISSOURI
WASHINGTON, D.C.
KANSAS CITY, MISSOURI
OVERLAND PARK, KANSAS
PHOENIX, ARIZONA
LOS ANGELES, CALIFORNIA
IRVINE, CALIFORNIA

245 PARK AVENUE
NEW YORK, NEW YORK 10167-0034
(212) 692-1800
FACSIMILE: (212) 692-1900

RIYADH, SAUDI ARABIA
KUWAIT CITY, KUWAIT
ABU DHABI, UNITED ARAB EMIRATES
DUBAI, UNITED ARAB EMIRATES
HONG KONG
SHANGHAI, PEOPLE'S REPUBLIC OF CHINA

IN ASSOCIATION WITH BRYAN CAVE,
A MULTINATIONAL PARTNERSHIP.
LONDON, ENGLAND

LANA MICHELLE PHILLIPS
ASSOCIATE
DIRECT DIAL NUMBER
(212) 692-1894

INTERNET ADDRESS
LMPHILLIPS@BRYANCAVE.COM

CONFIDENTIAL

April 10, 2002

Ms. Kathy Healy, Partner
Lancelot Capital Limited, LTD
9031 Croydon Lane
Orland Park, IL 60462

Re: Engagement of Bryan Cave LLP

Dear Ms. Healy:

We are pleased that you, as partner of Lancelot Capital Limited, LTD, have chosen to engage Bryan Cave LLP to provide a "more likely than not" federal income tax opinion to you addressing the material federal income tax issues in connection with the Margate Trading Program which you have entered into during 2001. Consistent with our normal practice, this letter and the attached Statement of Engagement Terms and Billing Practices (New York) (the "Statement") set forth the terms of our engagement. The Statement is important and is provided to our clients so that they understand in advance how various issues will be handled.

In all client matters we attempt to utilize those lawyers and legal assistants having the lowest hourly billing rates that are commensurate with the degree of specialization and level of experience required in order to achieve your objective. The selection of those lawyers and legal assistants who will render services to you will be made by me as the lawyer having overall supervisory responsibility for your matter, taking into consideration the nature of the matter, the office in which most of those services are likely to be rendered, the degree of legal experience, knowledge and specialization required in order to achieve your objective, the availability of lawyers and legal assistants to work on your matter and their hourly billing rates. We expect to render to you all such legal services as you may request, within the scope of our engagement.

Our representation is conditioned upon receipt of the signed copy of this letter from you confirming your understanding and approval of these terms of our engagement, accompanied by a payment of $50,000 which represents the total fee for providing our "more likely than not" opinion to you, and which will be used in accordance with the attached Statement.

NY01DOCS/300206.01

**BRYAN CAVE LLP**

April 10, 2002
Page 2

  Our attorney-client relationship is one of mutual trust and confidence. We do our best to see to it that our clients are satisfied with our services. Whenever you have any questions or comments regarding our services, you should contact me at 212-692-1894, or partner Elizabeth A. Smith at 212-692-1889.

  We appreciate the confidence you have placed in us and look forward to working with you. If this letter and the Statement correctly set forth our mutual understanding, please sign and date the enclosed copy of this letter and return it to us with the attached Statement.

            Very truly yours,

            *Lana M. Phillips*

            Lana M. Phillips

THIS CONTRACT CONTAINS A BINDING
ARBITRATION PROVISION WHICH MAY
BE ENFORCED BY THE PARTIES.

THESE TERMS INCLUDING THE ATTACHED
STATEMENT OF ENGAGEMENT TERMS
AND BILLING PRACTICES ARE APPROVED.

DATED: _____, 2002

_____
Kathy Healy
Partner

BRY.000981

# BRYAN CAVE LLP

## STATEMENT OF ENGAGEMENT TERMS AND BILLING PRACTICES

<u>New York</u>

A range of hourly billing rates is determined for each of our lawyers and legal assistants on the basis of that person's seniority, experience or area of practice, and the geographic location of the office in which that person works. The hourly billing rates may be adjusted annually, usually as of January 1. The current applicable hourly billing rates for our professionals likely to be involved in rendering services in connection with this matter are as follows:

| | |
|---|---|
| John P. Barrie | $550 |
| Elizabeth A. Smith | $500 |
| Naomi Meisels | $400 |
| Lana Phillips | $225 |
| Valerie Schram | $190 |
| Carla Lois | $150 |

<u>Deposits</u>. As a matter of Firm policy and in light of the expected work involved in this representation, we request that you pay us in advance the total fee of $50,000.

The fee that we receive from you will be placed in our client trust account on your behalf and is refundable if we do not provide you with the requested "more likely than not" tax opinion. We will place the fee in one of our trust accounts. New York law generally requires that the interest earned in our general trust account, which must be used for all deposits which are too small in amount or will be held for too short a time to generate enough interest to justify placing the funds in a separate account, be contributed to a New York state fund to provide civil legal service programs for indigent persons and programs for the administration of justice. Deposits are received with the understanding that we are expressly authorized to withdraw from the trust account the full amount of the fee upon delivery to you of the requested "more likely than not" tax opinion.

<u>Representation in Other Matters</u>. We are a large law firm and we represent many other companies and individuals. To avoid any misunderstanding in connection with our current (and any future) engagement for you, we confirm that we have not been asked to act as counsel for any affiliate or other related person by acting as counsel to you. Any such relationship, if undertaken by us with any related person, must be separately entered into.

It is possible that some of our present or future clients will have disputes with you during the time that we are representing you. Therefore, as a condition to our undertaking this engagement, you have agreed that our Firm may undertake in the future to represent new clients in any matter on a position, other than a matter in which we represent you with respect to that position, that is adverse to you or in which your interests may be adversely affected. We agree, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where as the result of our representation of you we have obtained sensitive, proprietary or other confidential information of a non-public nature that, if known to any such other client of ours, could be used in any such other matter by such client to the disadvantage of you.

<u>Termination of Engagement</u>. You may terminate our engagement with or without cause at any time on written notice to us. Termination of our services will not affect your responsibility to pay for legal services rendered and all expenses and other charges incurred up to the date when we receive notice of termination, and for any further work required of us in order to facilitate an orderly turnover of matters in process at the time of termination.

BRY.000982

# BRYAN CAVE LLP

We may terminate our engagement for any of the reasons permitted under the New York Code of Professional Responsibility, including your insistence upon conduct contrary to our judgment and advice, insistence upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument, or any other conduct that renders it unreasonably difficult for us to carry out employment effectively or presents conflicts with our professional responsibilities. If required, we will request a stipulation executed by you allowing us to withdraw as your attorney in any judicial, arbitration or similar proceedings. We may also apply for a court order approving our withdrawal from representing you, and you agree in advance to our withdrawal.

Our attorney-client relationship will also terminate when a matter for which our Firm was hired has been completed, whether or not our bill for services has been rendered or paid. Upon termination of our relationship, neither you nor the Firm has a duty to accept new engagements or to continue representation in any matters unless mutually agreed in writing.

Future Representation. In the event our engagement necessitates that we prepare an agreement which provides for ongoing rights and obligations on your part, a dispute concerning the interpretation or enforceability of that agreement may subsequently arise after our engagement has been terminated. In the absence of our express written agreement, you may not assume that the Firm will continue to be free to represent you in a future dispute concerning such agreement.

Retention of Files. Generally, we keep each client's legal files for ten years after we close the file. After ten years, we destroy those files unless the client tells us otherwise. If you want us to keep your files for a longer period of time, please tell us.

Arbitration of Dispute. Should any dispute arise concerning the services provided to you by us or the statements forwarded to you, as well as any alleged claims for legal malpractice, breach of fiduciary duty, breach of contract or other claim against the Firm for any alleged inadequacy of such services, the dispute will be settled by arbitration. The arbitration shall be heard in the City of New York by a panel of three arbitrators, all of whom must be practicing attorneys in that city, with one arbitrator to be selected by each party and the third to be chosen by the two arbitrators selected by the parties. The arbitrators may establish such rules for the conduct of the arbitration as they may choose, except that there shall be no discovery and any proceedings conducted shall be private and confidential and shall not be disclosed to the public by either the arbitrators or the parties to the arbitration. The award of the arbitrators must be by a majority vote and shall be final and binding, not subject to challenge by either party in any court of law. Each party shall bear its own costs of the arbitration and shall pay one-half of the costs of the proceeding.

Charges. Your fee includes all of our customary charges which are described below. These charges may include third-party expenses (such as filing fees, court reporters and travel) and internal expenses. Clients may be asked to pay larger third-party invoices directly. Other third-party expenses will be added to our bills with no markup. The Firm has elected to charge for certain support activities on the basis of each client's individual use instead of covering them in its hourly rates for fee earners. The internal charges will be billed in the following way:

Facsimile: Clients are charged $1.00 per page plus the telephone expense for outgoing faxes. There is no charge for incoming faxes.

Mail: Clients are charged the actual cost of regular and express mail and bulk mailings, as well as air express couriers.

Messengers: Clients are charged the actual costs of outside messenger service. In some instances, Firm personnel may be used in lieu of an outside messenger service to reduce delivery time. In those cases, delivery charges are competitive with those of the outside messenger.

Overtime: Staff overtime is charged only when required by the time constraints of the specific project.

BRY.000983

# BRYAN CAVE LLP

**Photocopying:** The Firm charges $.20 per page. Copying by outside vendors when required by size or time constraints of the specific project is charged at actual cost.

**Computerized Support Services including Word-Processing:** Clients are billed for computerized support services, including word-processing services, at the rate of $.50 per minute for composing and editing.

**Computer Research:** The Firm uses Lexis/Nexis and Westlaw computer-assisted research. The Firm contracts for these services in bulk and for several years in advance. The Firm bills clients at the vendor's regular rates to third parties without discount.

**Long-Distance Telephone Calls:** To ensure availability and quality of transmission of voice and data, the Firm contracts with long distance carriers for these services in bulk and for several years in advance. Long distance calls are billed at the standard MCI Worldwide direct dial rates to third parties without discount.

<u>**Applicable Law.**</u> Even though our Firm has offices and transacts business in numerous locations, our attorney-client relationship will be governed by New York law, including the New York Code of Professional Conduct.

BRY.000984

# EXHIBIT 2

ST. LOUIS, MISSOURI
WASHINGTON, D.C.
KANSAS CITY, MISSOURI
OVERLAND PARK, KANSAS
PHOENIX, ARIZONA
LOS ANGELES, CALIFORNIA
IRVINE, CALIFORNIA

LANA MICHELLE PHILLIPS
ASSOCIATE
DIRECT DIAL NUMBER
(212) 692-1894

# BRYAN CAVE LLP

245 PARK AVENUE

NEW YORK, NEW YORK 10167-0034

(212) 692-1800

FACSIMILE: (212) 692-1900

RIYADH, SAUDI ARABIA
KUWAIT CITY, KUWAIT
ABU DHABI, UNITED ARAB EMIRATES
DUBAI, UNITED ARAB EMIRATES
HONG KONG
SHANGHAI, PEOPLE'S REPUBLIC OF CHINA
IN ASSOCIATION WITH BRYAN CAVE,
A MULTINATIONAL PARTNERSHIP.
LONDON, ENGLAND

INTERNET ADDRESS
LMPHILLIPS@BRYANCAVE.COM

CONFIDENTIAL

April 10, 2002

Ms. Kathy Healy, Partner
Lancelot Capital Limited, LTD
9031 Croydon Lane
Orland Park, IL 60462

Re:  Engagement of Bryan Cave LLP

Dear Ms. Healy:

  We are pleased that you, as partner of Lancelot Capital Limited, LTD, have chosen to engage Bryan Cave LLP to provide a "more likely than not" federal income tax opinion to you addressing the material federal income tax issues in connection with the Margate Trading Program which you have entered into during 2001. Consistent with our normal practice, this letter and the attached Statement of Engagement Terms and Billing Practices (New York) (the "Statement") set forth the terms of our engagement. The Statement is important and is provided to our clients so that they understand in advance how various issues will be handled.

  In all client matters we attempt to utilize those lawyers and legal assistants having the lowest hourly billing rates that are commensurate with the degree of specialization and level of experience required in order to achieve your objective. The selection of those lawyers and legal assistants who will render services to you will be made by me as the lawyer having overall supervisory responsibility for your matter, taking into consideration the nature of the matter, the office in which most of those services are likely to be rendered, the degree of legal experience, knowledge and specialization required in order to achieve your objective, the availability of lawyers and legal assistants to work on your matter and their hourly billing rates. We expect to render to you all such legal services as you may request, within the scope of our engagement.

  Our representation is conditioned upon receipt of the signed copy of this letter from you confirming your understanding and approval of these terms of our engagement, accompanied by a payment of $50,000 which represents the total fee for providing our "more likely than not" opinion to you, and which will be used in accordance with the attached Statement.

NY01DOCS/300206.01

**BRYAN CAVE LLP**

April 10, 2002
Page 2

      Our attorney-client relationship is one of mutual trust and confidence. We do our best to see to it that our clients are satisfied with our services. Whenever you have any questions or comments regarding our services, you should contact me at 212-692-1894, or partner Elizabeth A. Smith at 212-692-1889.

      We appreciate the confidence you have placed in us and look forward to working with you. If this letter and the Statement correctly set forth our mutual understanding, please sign and date the enclosed copy of this letter and return it to us with the attached Statement.

      Very truly yours,

      *[signature]*

      Lana M. Phillips

THIS CONTRACT CONTAINS A BINDING
ARBITRATION PROVISION WHICH MAY
BE ENFORCED BY THE PARTIES.

THESE TERMS INCLUDING THE ATTACHED
STATEMENT OF ENGAGEMENT TERMS
AND BILLING PRACTICES ARE APPROVED.

DATED: 4 - 12 -, 2002

*[signature]*
Kathy Healy
Partner